**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Morris,<br><br>                Plaintiff,<br><br>v.<br><br>LVNV Funding, LLC,<br><br>                Defendant. | No. CV-21-01643-PHX-DGC<br><br>**ORDER** |

Defendant LVNV Funding has filed a supplemental motion for attorneys' fees and costs. Doc. 33. The motion is fully briefed and oral argument has not been requested. For reasons stated below, the Court will deny the motion.

**I.     Background.**

Plaintiff Brittany Morris, through counsel, brought this action on September 23, 2021. Doc. 1. The complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by falsely informing credit reporting agencies that Plaintiff disputed a debt that Defendant had sought to collect. *See id.* Plaintiff initially was represented by attorney Trinette Kent, "of counsel" to Credit Repair Lawyers of America ("CRLA"). *See id.* at 1. On April 4, 2022, the Court granted a request to replace Ms. Kent with attorney Cy Hainey, who also served as of counsel to CRLA. Docs. 18, 20.

On September 28, 2022, Mr. Hainey filed a motion to withdraw as counsel due to Plaintiff's failure to respond to his repeated attempts to communicate with her. Doc. 25. Upon receiving the motion, the Court scheduled a hearing and required Plaintiff to be present, but she did not appear. Docs. 26, 27. The Court granted the motion to withdraw and gave Plaintiff until November 21, 2022 to show cause why this action should not be dismissed. Docs. 27, 28. Plaintiff failed to respond to the order to show cause. On November 23, 2022, the Court dismissed this action for failure to prosecute. Doc. 29.

Defendant filed a motion for attorneys' fees on December 7, 2022, asserting that it reasonably believes CRLA brought this action without Plaintiff's involvement. Doc. 30. The Court denied the motion without prejudice because the motion did not make clear whether Defendant sought to recover attorneys' fees from Plaintiff or the lawyers involved in representing her, and because it did not appear that the motion had been served on those lawyers. Doc. 32.

Defendant filed its supplemental motion on February 21, 2023. Doc. 33. CRLA filed a response in opposition, to which Defendant replied. Docs. 35, 36.

**II.     Defendant's Supplemental Motion.**

Defendant now makes clear that it seeks an award of attorneys' fees and costs against CRLA and not Plaintiff. Doc. 33 at 1. Based on its prior history with CRLA, and the fact that Plaintiff had failed to communicate with counsel, Defendant asserts that it "has a reasonable belief that Plaintiff had little-to-no involvement in bringing this action." *Id.* at 1-2. Defendant contends that if Plaintiff was not involved in bringing this action, then CRLA brought the action in bad faith and Defendant is entitled to an award of fees and costs against CRLA pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927. *Id.* at 1-3.

**A.     Section 1692k(a)(3).**

Under this section of the FDCPA, the court may award a defendant reasonable attorneys' fees and costs if the court finds that the action "was brought in bad faith and for the purpose of harassment[.]" 15 U.S.C. § 1692k(a)(3). Section 1692k(a)(3) is silent as to whose bad faith and purpose to harass triggers an award of attorneys' fees and costs.

Defendant contends that § 1692k(a)(3) "relates to the behavior of plaintiff's counsel when it brings a case without its client's knowledge or involvement." Doc. 33 at 3 (quoting *Alcivar v. Enhanced Recovery Co.*, No. 17-CV-2275 (ILG), 2020 WL 2559845, at *4 (E.D.N.Y. May 20, 2020)). Defendant requests that the Court order CRLA to pay Defendant the fees and costs it incurred in defending this action. *Id.* at 1-2.

But the Ninth Circuit has held that "§ 1692k(a)(3) does not authorize the award of attorney's fees and costs against a plaintiff's attorneys." *Hyde v. Midland Credit Mgmt.*, 567 F.3d 1137, 1141 (9th Cir. 2009). Rather, § 1692k(a)(3) "authorizes attorney's fees and costs only against the offending plaintiff[.]" *Id.*; *see Ceresko v. LVNV Funding*, LLC, No. CV 09-0483-PHX-ECV, 2011 WL 13183223, at *1 (D. Ariz. Jan. 19, 2011) ("The statute authorizes the award of attorney's fees and costs only against the offending plaintiff, not against the plaintiff's attorney."); *Lysyuk v. I.C. Sys., Inc.*, No. 217CV00283JAMCKD, 2017 WL 4475962, at *2 (E.D. Cal. Oct. 6, 2017) ("Section 1692k(a)(3) authorizes an award of fees against an unsuccessful plaintiff, but not her counsel."); *Navarro v. Portfolio Recovery Assocs., LLC*, No. CV-18-02333-PHX-JJT, 2020 WL 2199478, at *2 (D. Ariz. May 6, 2020) ("An award of attorneys' fees is not authorized against a plaintiff's attorneys – only the plaintiff himself.").

The Ninth Circuit's decision in *Hyde*, of course, is binding precedent that the Court must follow. The Court accordingly will deny Defendant's motion to the extent it seeks an award of fees and costs against CRLA under § 1692k(a)(3). *See Chavez v. Northland Grp.*, No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *5 (D. Ariz. Feb. 1, 2011) ("Defendant's motion seeks an order holding 'K & M and Plaintiff jointly and severally responsible' for Defendant's attorney's fees. To the extent that Defendant relies on § 1692k(a)(3) to recover attorney's fees and costs from Plaintiff's counsel, K & M, Defendant's claim fails because § 1692k(a)(3) does not authorize the award of such expenses against Plaintiff's counsel.") (cleaned up); *Kendricks v. Collect Access, LLC*, No. 5:19-cv-01134-ODW (SHKx) 2021 WL 2577479, at *2 (C.D. Cal. June 23, 2021) ("§ 1692(k)(a)(3) does not authorize attorneys' fees against a plaintiff's attorneys. Thus,

to the extent Defendants seek attorneys' fees against Kendricks's attorneys, their Motion is denied.") (cleaned up).[1]

### B. Section 1927.

Section 1927 provides that reasonable attorney's fees and costs may be awarded against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously[.]" 28 U.S.C. § 1927. CRLA notes, correctly, that because § 1927 authorizes sanctions only for multiplication of proceedings, it "applies only to unnecessary filings and tactics once a lawsuit has begun." Doc. 35 at 10 (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996)); *see also In re Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986) ("Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings"); *Cameron v. Avalon Mobility Inc.*, No. CV-15-00963-PHX-JAT, 2018 WL 704326, at *4 (D. Ariz. Feb. 5, 2018) (same).

Defendant does not contend that CRLA has unreasonably and vexatiously multiplied the proceedings in this case. Instead, Defendant asserts only that this action "was brought in bad faith." Doc. 33 at 2. Because § 1927 does not apply to the filing of a complaint, Defendant's motion will be denied to the extent it seeks an award of fees and costs under § 1927. *See Best Odds Corp. v. iBus Media Ltd.*, 657 F. App'x 641, 642 (9th Cir. 2016) ("The district court abused its discretion by imposing sanctions under § 1927, because the act of filing a complaint is not sanctionable under that section.").[2]

**IT IS ORDERED:**

1. Defendant's supplemental motion for attorneys' fees and costs (Doc. 33) is **denied**.

---

[1] Given this ruling, the Court need not address Defendant's alternative request for discovery to determine Plaintiff's level of involvement in bringing this action. Doc. 33 at 5-6.

[2] Defendant also seeks an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2) (Doc. 33 at 1), but this procedural rule "does not create[] an *independent* statutory substantive right for attorney's fees[.]" *Gill v. Kaur*, No. CV 21-0999, 2021 WL 5631741, at *8 (E.D. Pa. Nov. 30, 2021) (noting that the rule requires the moving party to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award").

4

2. Defendant's motion to strike CRLA's notice of supplemental authority (Doc. 38) is **denied** as moot.

Dated this 1st day of May, 2023.

David G. Campbell
Senior United States District Judge